## WILLIAM PULLENS v. STATE.

No. A-7851.   Opinion Filed May 16, 1931.
(299 Pac. 231.)

Chas. G. Ozmun, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Comanche county of the crime of unlawful sale of intoxicating liquor, and his punishment fixed by the jury at a fine of $175 and imprisonment in the county jail for a period of 90 days.

The evidence of the state was that the defendant sold nine pints of beer to three Indians and charged them 25 cents per bottle; that this beer was drunk on the premises and that it was intoxicating; and that one of the Indians who drank the beer died that night.

Defendant denied that he knew the Indians or had sold them any beer, and sought to establish an alibi on that day.

The defendant contends first that the court erred in admitting incompetent testimony.

Defendant, testifying for himself, on direct examination said, in substance, that he did not sell these Indians any beer, and in answer to the direct question if he had ever sold anybody any beer, he answered that he had never sold any beer. His counsel asked him if he had been convicted of selling beer and he said he never had.

On cross-examination the state asked the defendant if the officers had not been out and raided his house and found beer in the house and around the premises. Defendant answered he believed he had a few bottles there a few years ago, but denied that he had ever been convicted. The state then called G. H. Frampton, sheriff, who testified in substance that he had known the defendant for ten years, and that during the past two years they had searched defendant's premises something like half a dozen times and never found much of anything in his house; little signs of stuff there and around close on other lots; it was not much trouble to go out there and get up a sack of beer at any time.

The defendant having put his character in issue in his direct examination, it was competent for the state on cross-examination to ask him the questions propounded by the county attorney, and it was further competent for the state on rebuttal to show that beer had been found at defendant's premises prior to the time of the alleged sale to the Indians.

Defendant contends that the evidence is insufficient to support the verdict of the jury and that the punishment assessed is excessive.

Considering all of the facts in the case and the further fact that one of the Indians died a few hours after

drinking this beer, we cannot say that the punishment assessed by the jury is excessive.

No sufficient error appearing upon the record, the cause is affirmed.

EDWARDS, J., concurs. DAVENPORT, P. J., absent.